BW

106430-C-CV

Filed
Caroline Woodburn
District Clerk
5/15/2017 7:25:48 PM
Potter County, Texas
By _____ Deputy

CAUSE NO. _____

| | | |
|---|---|---|
| KEVIN BROOKS, And | § | IN THE 251st DISTRICT COURT |
| DENNIS BROOKS, Individually | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | OF |
| | § | |
| SWIFT TRANSPORTATION COMPANY | § | |
| OF ARIZONA, LLC, SWIFT | § | |
| TRANSPORTATION SERVICES, LLC | § | |
| And ALPHA TAPIEYA KOROMA | § | |
| *Defendants* | § | POTTER COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Kevin Brooks and Dennis Brooks, Individually, Plaintiffs in the above entitled cause, complaining of Swift Transportation Company of Arizona, LLC, Swift Transportation Services, LLC and Alpha Tapieya Koroma, Defendants, and would respectfully show the Court as follows:

#### I. DISCOVERY

1.01  Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery in this case under level 3 (Rule 190.4 Texas Rules of Civil Procedure).

#### II. PARTIES

2.01  Plaintiff Kevin Brooks is an individual and resident of Carson County, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 30.014, the last three digits of Kevin Brooks' driver's license number are 031.

Exhibit "A-3"

A CERTIFIED COPY
Page ___1___ of ___8___
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

2.02   Plaintiff Dennis Brooks is an individual and resident of Carson County, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 30.014, the last three digits of Dennis Brooks' driver's license number are 204.

2.02   Upon information and belief, Defendant Swift Transportation Company of Arizona, LLC is a foreign corporation that has its principal place of business in the State of Arizona. Defendant Swift Transportation Company of Arizona, LLC maintains a registered agent for service of process in the State of Texas and can be served with process through its registered agent: National Registered Agents, Inc. at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

2.03   Upon information and belief, Defendant Swift Transportation Services, LLC (Defendant Swift Services) is a foreign corporation that has its principal place of business in the State of Arizona. Defendant Swift Transportation Services, LLC maintains a registered agent for service of process in the State of Texas and can be served with process through its registered agent: National Registered Agents, Inc. at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

2.04   Upon information and belief, at all times material hereto, Defendant Alpha Tapleya Koroma (Defendant Koroma) is an individual and resident of the State of Missouri, and an employee of Defendant Swift Transportation Company of Arizona, LLC and/or Defendant Swift Transportation Services, LLC. Defendant Koroma may be served with process through the Chairman of the Texas Transportation Commission, as authorized by § 17.062(a), TEX. CIV. PRAC. & REM CODE, as this suit arises out of a collision in which Defendant Koroma was involved while operating a motor vehicle in this state. The chairman of the Texas Transportation Commission may send notice to Defendant Koroma at his last known address at: 3514 NW 85th Ter., Kansas City, MO 64154 or anywhere that he may be found.

A CERTIFIED COPY
Page 2 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

## III. VENUE AND JURISDICTION

3.01   Venue is proper in Potter County, Texas, pursuant to TEX. CIV. PRAC. REM. CODE § 15.002(a)(2) because it is the county in which all or a substantial part of the events/omissions giving rise to the cause of action occurred.

3.02   The amount of the Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering, mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiffs do not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate Plaintiffs. Additionally, the medical prognosis and extent of recovery is not currently known. However, in order to comply with the pleading requirements of TEX. R. CIV. P. 47(C)(5), Plaintiffs plead that they seek monetary relief over $1,000,000. Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## IV. MISNOMER, ALTER EGO, AND ASSUMED NAME

4.01   In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Defendant Swift Transportation Company of Arizona, LLC and Defendant Swift Transportation Services, LLC (collectively referred to as "Defendant Swift") in its assumed or common name refers to all partnerships, unincorporated associates, private corporations, or individuals

A CERTIFIED COPY
Page 3 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

operating under the "Swift" name who either employed Defendant Koroma, on or about March 28, 2017, and/or owned the 2017 Freightliner tractor and trailer involved in the collision at issue. It is Plaintiffs' intent by suing Swift in its assumed or common name under Rule 28 of the Texas Rules of Civil Procedure, to sue the entity or entities responsible for hiring and training Defendant Koroma for employment as described in more detail below and entrusting Defendant Koroma to drive the Freightliner tractor trailer involved in this collision.

## V. FACTS

5.01  On or about March 28, 2017, Plaintiff Kevin Brooks and his father, Plaintiff Dennis Brooks, were travelling east on the access road of I-40 in Amarillo, TX. Plaintiffs were in Kevin Brooks' Chevy pickup. Defendant Koroma was driving a tractor-trailer owned by Defendant Swift travelling on FM 1912. As Defendant Koroma was driving under the overpass, he ran a stop sign and crashed into Plaintiffs' Chevy Pickup. Plaintiffs suffered severe injuries as a result of the crash.

5.02  Defendant Swift owned the tractor-trailer that Defendant Koroma was driving at the time of the collision. Defendant Koroma was in the scope of his employment for Defendant Swift at the time of the collision.

5.03  Defendants' negligence proximately caused the collision and resulting injuries that Plaintiffs sustained in the crash.

## VI. CAUSES OF ACTION

Negligence – Defendant Koroma

6.01  Defendant Koroma's negligence was the proximate cause of the collision and said Defendant was negligent in many respects including, but not limited to, the following:

A CERTIFIED COPY
Page 4 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

   a. In failing to stop at a stop sign;
   b. In failing to control his speed;
   c. In failing to keep a proper lookout;
   d. In failing to take proper evasive action to avoid a collision;
   e. In failing to apply his brakes; and
   f. In operating a vehicle in a careless manner.

**Negligence *Per Se* – Defendant Koroma**

6.02   At the time of this collision, the State of Texas had in full force and effect various traffic statutes. The conduct of Defendant Koroma breached said traffic statutes. The following statutes create standards of conduct and Defendant Koroma's conduct represents unexcused violations of these standards. Plaintiffs belong to the class of persons to which these statutes were meant to protect. Defendant Koroma's conduct constitutes negligence *per se* in the following respects:

   a) In failing to stop at a stop sign in violation of Texas Transportation Code §544.010;
   b) In operating a vehicle in a reckless manner in violation of Texas Transportation Code §545.401; and
   c) In failing to control speed in violation of Texas Transportation Code §545.351.

***Respondeat Superior*** **of Defendant Swift and Defendant Swift Services**

6.03   Vicarious liability for Plaintiffs' injuries and damages attaches to Defendant Swift through *respondeat superior* in the following respects:

   a. Defendant Koroma was an employee of Defendant Swift at the time of the incident;
   b. Defendant Koroma was working in the course and scope of his employment at the time of the incident;
   c. Defendant Koroma was acting in furtherance of Defendant Swift's business at the time of the incident;

A CERTIFIED COPY
Page 5 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

    d. Defendant Koroma was working for the accomplishment of the object for which he was hired; and

    e. Defendant Koroma's negligence is a proximate cause of Plaintiffs' injuries and damages.

**Negligent Entrustment, Hiring, Training, Supervision, and Retention**

6.04    The conduct of Defendant Swift constitutes negligence in many respects including but not limited to the following:

    a.    Defendant Swift failed to safely entrust their trucks to competent employees;

    b.    Defendant Swift failed to hire, supervise, and train competent employees;

    c.    Defendant Swift failed to retain competent employees;

    d.    Defendant Swift failed to fire incompetent or dangerous employees;

    f.    Each foregoing breach, singularly or in combination with other acts or omissions proximately caused Plaintiffs' injuries and damages.

6.05    There were in force and effect FMCSR regulations that may have been violated by Defendant Swift including but not limited to the following:

    a.  A. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

    b.  B. FMCSR 391.11 regarding driver qualifications;

    c.  C. FMCSR 391.13 regarding driver training;

    d.  D. FMCSR 391.25 regarding annual review of driver safety;

    e.  E. FMCSR 391.27 regarding annual reports of driving violations;

    f.  F. FMCSR 391.31 regarding driver road testing;

    g.  G. FMCSR 391.51 regarding qualification and records files;

    h.  H. FMCSR 395.3 regarding hours of operation; and,

    i.  I. FMCSR 395.8 regarding driver duty status logs.

A CERTIFIED COPY
Page 6 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By _____, Deputy

## VII. DAMAGES

7.01  As a direct and proximate result of Defendants' negligence, Plaintiffs suffered damages and personal injuries and, as provided by Texas law, are entitled to recover for those damages. Plaintiffs have each individually suffered damages as follows:

  a.  Physical pain sustained in the past;

  b.  Physical pain that, in reasonable probability, Plaintiffs will sustain in the future;

  c.  Mental anguish sustained in the past;

  d.  Mental anguish that, in reasonable probability, Plaintiffs will sustain in the future;

  e.  Physical impairment sustained in the past;

  f.  Physical impairment that, in reasonable probability, Plaintiffs will sustain in the future;

  g.  Loss of wage earning capacity in the past;

  h.  Loss of wage earning capacity that, in reasonable probability, Plaintiffs will sustain in the future;

  i.  Medical care expenses sustained in the past;

  j.  Medical care expenses that, in reasonable probability, Plaintiffs will sustain in the future;

  k.  Disfigurement sustained in the past; and

  l.  Disfigurement that, in reasonable probability, Plaintiffs will sustain in the future.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Defendants be cited to appear and answer and that upon final trial by jury, Plaintiffs recover against Defendants the following:

A CERTIFIED COPY
Page 7 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

1. Compensatory damages as set forth above;

2. Pre-judgment and post-judgment interest as allowed by law;

3. Costs of court; and

4. Such other, further and different relief to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
(806) 776-1340 - Telephone
(806) 329-0595 - Facsimile
efile.jmedina@glasheenlaw.com

Jason Medina
State Bar No. 24046417

**ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

Plaintiffs hereby respectfully demand a trial by jury in this cause and herewith pay the required fee.

Filed
Caroline Woodburn
District Clerk
5/15/2017 7:25:48 PM
Potter County, Texas
By _____ Deputy

Jason Medina

Plaintiffs' Original Petition and Jury Demand
Page 8 of 8

I, Caroline Woodburn, Clerk of the District Courts and County Courts at Law, in and for Potter County, Texas, do hereby certify that the foregoing instrument is a correct copy of the original on file in this office
ATTESTED this 13th day of June 2017
By_____ Deputy

A CERTIFIED COPY
Page 8 of 8
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy